**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ALEJANDRITO ABAD, )
        Plaintiff, )
                              )    2:13-cv-01366-RCJ-NJK
vs. )
                              )        **ORDER**
OCWEN LOAN SERVICING, LLC, et al., )
        Defendants. )
)

This is a quiet title action. On February 25, 2014, Defendants Bank of America and Ocwen Loan Servicing filed the pending motion to quash service of process and set aside a default entered against them. (ECF No. 14). Pro se Plaintiff Alejandrito Abad has not filed a response, and for the reasons stated herein, the Court grants the motion.

**I.    BACKGROUND**

On August 2, 2013, Pro se Plaintiff Alejandrito Abad ("Plaintiff or Abad") filed a complaint in this Court, naming Bank of America, N.A. ("Bank of America") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") as Defendants. (Compl. ECF No. 1). On the same day, the Clerk issued a summons for the complaint as to each Defendant. (Summons, ECF No. 2). Neither summons was returned as executed. (*See* Docket).

From the text of the complaint, it appears that Abad claims a single cause of action. (Compl., ECF No. 1, at 8). Specifically, he seeks to quiet title to the property located at 6236 Narrow Isthmus Ave., Las Vegas, Nevada (the "Property"). (*Id.* at 1). However, in addition to the named Defendants, Abad appears to assert his quiet title action against nonparty Republic

Mortgage, LLC ("Republic"). (*Id.* at 4). It is presently unclear whether Republic should be joined as a party to this case.

On September 3, 2013, Abad filed his first amended complaint (the "FAC"), (FAC, ECF No. 6), and the Clerk issued a summons for the FAC as to each Defendant, (ECF Nos. 7, 7-1). Defendants did not answer or otherwise respond to the FAC, (*see* Docket), and on February 21, 2014, Abad moved for entry of clerks default, (ECF No. 12). On February 24, 2014, default was entered. (ECF No. 13).

Defendants now move to set aside the default and quash service of process, arguing that Abad neither served them with process for the original complaint nor properly served the FAC and September 3, 2013 summons. (Mot., ECF No. 14, at 2–3). With respect to the FAC, Bank of America complains that the Proof of Service supporting the motion for entry of default, which states that service was executed on September 6, 2013 at the Bank of America office located at 1000 W. Temple Street, Los Angeles, CA, does not state that the September 3, 2013 summons or FAC were included in the documents served. (*Id.* at 2–3). In fact, the process server could not have possibly served the September 3, 2013 documents, because, by his own admission, he received the served summons on August 28, 2013—before the September 3, 2013 summons was issued. (Proof of Service, ECF No. 12, at 17). Similarly, the Proof of Service as to Ocwen states neither the date that the process server received the summons nor that the September 3 documents were served. (Proof of Service, ECF No. 12, at 12). Furthermore, Defendants contend that the have a meritorious defense to this action. (Mot., ECF No. 14, at 6). Specifically, they present a viable argument, which the Court need not rule on at this time, that the material facts alleged in the FAC fail to establish a claim for which relief can be granted. (*Id.*). Accordingly,

Defendants argue, Abad's inadequate service of process should be quashed and the default should be set aside. (*Id.* at 2–9). Abad has failed to oppose the motion. (*See* Docket).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." In general, a more lenient standard is applied when determining whether to set aside an entry of default than is applied to vacating a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (per curiam) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment."). When exercising its discretion under Rule 55, the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The overriding judicial goal of deciding cases correctly on the merits is to be balanced with the interests of both litigants and the courts in the finality of judgments. *See Pena v. Seguros La Comerical*, 770 F.2d 811, 814 (9th Cir. 1985). In evaluating whether good cause exists, the court considers "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)). The party seeking to invoke Rule 55(c) bears the burden of demonstrating that these factors favor setting aside the default. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

## III.   ANALYSIS

As an initial matter, Abad's failure to respond or otherwise oppose the motion constitutes consent to grant it. Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Therefore, the motion (ECF No. 14) is granted, the Clerk's entry of default is set aside, and Plaintiff's service of process is quashed. Plaintiff shall have thirty (30) days from the entry of this order into the electronic docket to serve each Defendant with process compliant with the requirements set forth in Federal Rule of Civil Procedure 4.[1]

Furthermore, an order setting aside the Clerk's default is plainly appropriate in this case. As explained above, when considering a motion under Rule 55(c), the Court's primary objective "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513. Here, such a possibility exists. As Defendants argue, it is possible, if not likely, that the FAC will not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. Indeed, it appears that this quiet title action is premised on the seemingly unfounded proposition that Defendants' non-response to Abad's offers to pay his mortgage in full somehow resulted in a discharge of the mortgage note. (FAC, ECF No. 6, at 4–5).

Moreover, by describing their Rule 12(b)(6) defense, Defendants have shown that the second *Mesle* factor points toward setting aside the default. *See* 615 F.3d at 1091. The same is

---

[1] "[W]ithout substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide [a federal court] personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks omitted) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

4

true of the remaining two factors: With respect to the first, nothing in the instant record suggests that Defendants intentionally defaulted or otherwise engaged in culpable conduct. *See TCI Group*, 244 F.3d at 697 ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." (emphasis in original)); *Mesle*, 615 F.3d at 1092 ("As we have previously explained, in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." (internal citations and quotation marks omitted)); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (defendant "intentionally declined" service). Instead, it appears that the default was entirely unintentional, and this is further evidenced by the fact that Defendants moved to set it aside the day after its entry. (*See generally* Mot., ECF No. 14). Finally, with respect to the third factor, there is little reason to believe that setting the default aside, at this early stage in the litigation, will prejudice Abad in any way. Accordingly, the Court will set aside the default and give Defendants an opportunity to defend.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' motion to quash service of process and set aside the Clerk's entry of default (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk's entry of default (ECF No. 13) is set aside, and Plaintiff's service of process is quashed.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the entry of this order into the electronic docket to serve each Defendant with process compliant with the requirements set forth in Federal Rule of Civil Procedure 4.

IT IS SO ORDERED.

Dated: __ June 9, 2014 ___

_____
ROBERT C. JONES
United States District Judge