UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEJANDRITO ABAD,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

Case No. 2:13-cv-01366-RFB-NJK

**ORDER**

## I. INTRODUCTION

Currently pending before the Court are Defendant Ocwen Loan Servicing's Motion for Summary Judgment [ECF No. 50], and Plaintiff Alejandrito Abad's Motion for Summary Judgment [ECF No. 58]. For the reasons discussed below, the Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED.

## II. BACKGROUND

### A. Claims

The Amended Complaint (ECF No. 44) raises the following causes of action: Quiet Title, Violation of the Fair Debt Collections Practices Act ("FDCPA"), and Violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff's Complaint also lists "Invasion of Privacy" as a cause of action, but does not elaborate on any facts as to this cause of action. The Court does not construe this claim as a separate cause of action.

**B. Undisputed Facts**

The Court finds the following facts to be undisputed. Alejandrito Abad brings this quiet title claim to establish an interest in the property located at 6236 Narrow Isthmus Avenue, Las Vegas, NV 89139 in his favor. On June 21, 2006, Plaintiff executed a promissory note for $650,000 to refinance a mortgage loan on the property. The note was secured by a first deed of trust for the benefit of BrooksAmerica Mortgage Corporation. BrooksAmerica was named as "Lender" and Mortgage Electronic Registration Services ("MERS") as beneficiary "solely as nominee for Lender and Lenders' successors and assigns." MERS later assigned the deed of trust to BAC Home Loans Servicing, Bank of America's predecessor in interest. Servicing of this loan subsequently transferred to Ocwen Loan Servicing, LLC ("Ocwen").

**C. Disputed Facts**

Plaintiff claims he made good faith offers to pay his outstanding debt but Ocwen did not respond to these offers. Ocwen disputes the validity of these offers to pay. Plaintiff claims that on his original loan application, all the written information regarding his income was falsified before the loan documents were given to Plaintiff to sign, and that therefore all of the documents underlying his mortgage transaction are null and void. (ECF No. 53, at 2-3). Plaintiff has provided an affidavit stating that "the lender did not, in fact, provide an actual loan to the Trustor on the date of June 21, 2006" of his original Note, and that "there was no actual due consideration paid to the Trustor for signing said Note, thereby, making the Note also invalid, null, void." (ECF No. 50, at 50). However, the Adjustable Rate Note, signed by Plaintiff as Borrower, states that he made a promise to pay $650,000, in consideration for a loan that he received. (ECF No. 50, at 59).

**D. Procedural History**

Plaintiff filed the operative Second Amended Complaint on October 8, 2015, against Ocwen Loan Servicing. Discovery ended on April 11, 2016. The last date to amend pleadings and add parties, according to the Scheduling Order, was January 12, 2016. Plaintiff filed his third Motion to Amend on March 25, 2016, requesting to add Shellpoint Mortgage Servicing as a party.

Defendant Ocwen Loan Servicing filed its Motion for Summary Judgment on May 11, 2016. (ECF No. 50). Plaintiff filed a Response on May 26, 2016. (ECF No. 53). Plaintiff filed his Motion for Summary Judgment on June 13, 2016. (ECF No. 58). Defendant Responded on July 7, 2016, and Plaintiff Replied on July 21, 2016. (ECF Nos. 61, 62).

### III.  LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the movant has carried its initial burden, "the nonmoving party must produce evidence to support its claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment rests with the moving party, who must convince the court that no genuine issue of material fact exists. Nissan Fire, 210 F.3d at 1102.

| 1 | "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). "We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." Id. "To survive summary judgment, a party does not necessary have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56." Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001). "The court need consider only the cited materials, but it may consider other materials in the record." FRCP 56(c)(3). "However, a self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." Nigro v. Sears, Roebuck and Co., 784 F.3d 495, 497 (9th Cir. 2015) (citations omitted). "Mere submission of affidavits opposing summary judgment is not enough; the court must consider whether the evidence presented in the affidavits is of sufficient caliber and quantity to support a jury verdict for the nonmovant. A scintilla of evidence, or evidence that is merely colorable or not significantly probative, is not sufficient to present a genuine issue as to a material fact." United Steelworkers of America v. Phelps Dodge Corp, 865 F.2d 1539, 1542 (9th Cir. 1989).

### IV. DISCUSSION

#### A. Quiet Title Claim

##### 1. Legal Standard

NRS 40.010 governs Nevada quiet title actions and provides: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996).

##### 2. Analysis

Ocwen argues that Plaintiff's only underlying basis for his quiet title claim is an allegation that he made offers to pay off his loan, to which Ocwen never responded, and which Plaintiff

argues therefore resulted in a discharge of his obligation to pay. Plaintiff's Amended Complaint states that Plaintiff made "good faith offer[s] to pay the entire amound [sic] due" on his loan, which were neither accepted nor rejected by Defendant Ocwen; first on February 25, 2013, then on March 13, 2013, on April 3, 2013, on April 23, 2013, and on May 13, 2013. These notices were letters addressed to Ocwen titled "Notice of Default and Opportunity to Cure with Good Faith Offer to Pay the Entire Amount Due." (ECF No. 44).

Plaintiff cites no authority for the proposition that failure on Ocwen's part to respond to an offer to pay discharges his obligation to pay under the promissory note and deed of trust. None of the letters appear to enclose money or assurances about Abad's ability to pay. The Court is not aware of any such authority. In the context of interpreting a California case seeking to extinguish a deed of trust against real property, the Ninth Circuit held "the bank would have been utterly and completely naïve and foolish had it accepted . . . tender without evidence of the ability to pay. . . . An offer of performance is of no effect if not made in good faith with intent and ability to perform." In re SI-VA Tech, Inc., 35 F. App'x 681, 684 (9th Cir. 2002). Plaintiff has not provided, or alleged facts regarding, any response from Ocwen Loan Servicing as to his offers to pay the debt; nor has he alleged he had the funds available to pay the debt, or indicated how those funds would be remitted to Ocwen. Therefore, Plaintiff's argument that his loan obligation is discharged by virtue of the letters he sent to Ocwen, must be and is rejected.

Plaintiff further argues, in his Motion for Summary Judgment (ECF No. 58), that he executed his original loan application after his income information on the application had been falsified, and that therefore the application was void and without legal effect. To prove that Plaintiff's income was allegedly inflated falsely on the application, he has attached income tax returns for the years 2004, 2005 and 2006. His loan application, dated 6/22/06, states an approximated monthly income of $13,350; a base income of $9000 and monthly commissions of $4,350. His tax return submissions for his income from 2003, 2004, and 2005, show that his adjusted gross income was $61,400, $61,751, and $77,345 in those years. While there may arguably be a difference between his last reported adjusted gross income in 2005 and the gross approximate income listed on his loan application in June 2006, Plaintiff has offered no credible

admissible evidence of falsification. Plaintiff merely states that the loan documents were falsified.

Moreover, his Motion for Summary Judgment appears to be the first time he is alleging falsification of his income on the loan documents. This assertion is contradicted by his own acknowledgement of signing and executing the documents he now belatedly claims are false. These bare allegations are insufficiently supported by factual evidence.

Therefore, the Court grants summary judgment against Plaintiff as to the quiet title claim against Ocwen Loan Servicing.

### B. FDCPA Claim

#### 1. Legal Standard

To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. 1692(a)(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. 1692(a)(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. 1692(a)-1692(o). "Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status . . . ." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citation omitted). "The FDCPA also provides that 'any debt collector who fails to comply with any provision of th[e][Act] with respect to any person is liable to such person.'" Id. (citation omitted).

#### 2. Analysis

Plaintiff's Complaint alleges a violation of 15 U.S.C. 1692(f), arguing that Ocwen made an "attempt to collect any amount not authorized by the agreement creating the debt or permitted by law." Plaintiff's Complaint states that in the debt collection notices regarding loan payments which were sent to Plaintiff by Ocwen, Ocwen stated that it was charging fees, other charges, and interest, and that Plaintiff's loan agreement did not authorize such charges. However, Plaintiff has provided no evidence of these allegations in his Response to the Defendant's Motion for Summary Judgment, nor in his own Motion for Summary Judgment. On the undisputed factual record,

therefore, Plaintiff has failed to make out an FDCPA claim against Ocwen.

The Court therefore grants summary judgment against Plaintiff as to the FDCPA claim against Ocwen Loan Servicing.

### C. FCRA Claim

#### 1. Legal Standard

"Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "FCRA imposes some duties on the sources that provide credit information to CRAs [credit reporting agencies], called 'furnishers' in the statute. Section 1681s–2 sets forth '[r]esponsibilities of furnishers of information to consumer reporting agencies,' delineating two categories of responsibilities." Gorman, 584 F.3d at 1153-54.

The two categories are: 1) the duty to provide accurate information, and 2) duties triggered upon notice of dispute, "when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." Id. at 1154. These duties require a furnisher to: 1) conduct an investigation, 2) review information provided by the CRA, 3) report the results to the CRA, 4) if the investigation finds the information incomplete or inaccurate, to report those results to the CRAs, and 5) if an item disputed is inaccurate or incomplete and cannot be verified, to modify, delete, or permanently block the reporting of that information to the CRAs. Id. (citing § 1681s–2(b)(1)). "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." Id. (citing § 1681s-2(c)).

#### 2. Analysis

Ocwen argues that Plaintiff's Complaint offers no indication as to what conduct he believes

constituted a violation of the FCRA.  The Court agrees. Plaintiff's has not adequately alleged or established a genuine dispute as to any facts regarding a dispute involving credit reporting. To the extent Plaintiff is attempting to claim that he disputed any debt information that Ocwen was furnishing to credit reporting agencies, Plaintiff has provided no specific details of inaccurate information furnished by Ocwen, nor any proof of a dispute that Plaintiff raised with a credit reporting agency, related to information furnished by Ocwen.

Therefore, the Court grants summary judgment against Plaintiff as to his Fair Credit Reporting Act claim.

## V. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 50) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 58) is DENIED.

DATED: October 6, 2017.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**